UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EDITA BAUYTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 5:20-cv-505-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AMAZON.COM, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Edita Bauyte is a resident of Lexington, Kentucky. Proceeding without an attorney, Bauyte has filed a document with the Clerk of the Court, which has been docketed as a complaint for administrative purposes. [DE 1]. Bauyte has not paid the filing fee, but has filed a motion for leave to proceed *in forma pauperis*. [DE 3]. The information contained in Bauyte's fee motion indicates that she lacks sufficient assets or income to pay the $350.00 filing fee, thus the motion will be granted. Because Bauyte is granted pauper status in this proceeding, the $52.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Bauyte's pleading because she has been granted pauper status. 28 U.S.C. § 1915(e)(2). A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

The Court evaluates Bauyte's pleading under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

In the initial pleading, Bauyte states that she began employment at Amazon on January 24, 2020. The pleading is a bit disjointed, but she refers to several incidents, including one where another Amazon associate came to her station and yelled and

2

waved aggressively at her; two separate times that she took personal time off; and an incident where the same associate brought her the wrong totes, then slammed totes that she was pushing to an empty pallet and pulled them from her hands. She also alleges that her car motor was broken while she was at work. Bauyte explains that, on August 5, she was in the hospital. Specifically, she states that, "I contacted HR and they told me I can't have my job because such a [illegible] policy. Though doctor told me it's not legal to fire people while seeking medical help." [DE 1].

Although docketed as a complaint for administrative purposes, the Court has reviewed Bauyte's pleading and concludes that it is insufficient to constitute a civil complaint. Bauyte's pleading fails to satisfy the general pleading standards of Federal Rule of Civil Procedure 8, which requires a pleading stating a claim for relief to contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

See Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more

3

than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Bauyte's pleading meets none of the requirements of Rule 8(a). Although the Clerk of the Court has identified Amazon.com as the Defendant for administrative purposes, Bauyte's pleading does not actually identify any defendants against whom she seeks to pursue her claims for relief. Nor is the basis for her claims clear, as she refers to incidents involving another Amazon employee where she claims she did not feel safe, but she also suggests that she believes that she was not given her job back because she was seeking medical treatment. Nor does Bauyte's pleading make any demand for relief. While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Overall, Bauyte's allegations are too threadbare to state a claim upon which relief may be granted. Because Bauyte has not filed a proper civil complaint, she has failed to properly invoke

4

this Court's jurisdiction. Thus, the Court will dismiss this action for failure to adequately articulate a claim for relief under Federal Rule of Civil Procedure 8 and failure to invoke federal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). 28 U.S.C. § 1915(e)(2).

Accordingly, it is **ORDERED** as follows:

1) Bauyte's motion for leave to proceed *in forma pauperis* [DE 3] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;

2) Bauyte's initial pleading [DE 1], docketed as a complaint for administrative purposes, is **DISMISSED WITHOUT PREJUDICE**;

3) Any pending request for relief is **DENIED AS MOOT**;

4) **JUDGMENT** shall be entered contemporaneously with this Order; and

5) This action is **STRICKEN** from the Court's docket.

This 28th day of December, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge